# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| CRYSTAL MALMSTROM and SHAWN LAY, <br><br> Plaintiffs, <br><br> v. <br><br> UTAH ATTORNEY GENERAL'S OFFICE; INTERNET CRIMES AGAINST CHILDREN (ICAC); CAMERON HARTMAN; and PATTY REED, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:18-cv-00013-PMW <br><br> Chief Magistrate Judge Paul M. Warner |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is a motion to dismiss[2] filed by defendants the Utah Attorney General's Office ("UAG's Office") and the Internet Crimes Against Children Task Force ("ICAC") (collectively, the "State Defendants"). The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 13.

[2] *See* docket no. 14.

**BACKGROUND**

Plaintiffs Crystal Malmstrom ("Malmstrom") and Shawn Lay ("Lay") (collectively, "Plaintiffs") filed their complaint (the "Complaint") in January 2018, alleging violation of their constitutional rights when officials from the UAG's Office detained Malmstrom in her vehicle and searched her home.[3] Plaintiffs allege that State Defendants conducted the allegedly unlawful detainment and search in retaliation for a previous lawsuit filed by Malmstrom against the State of Utah and the Utah Division of Child and Family Services.[4] The State Defendants filed the instant motion to dismiss arguing the Complaint should be dismissed as to the State Defendants because they are immune under the Eleventh Amendment, and are not "persons" within the meaning of 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs opposed the motion to dismiss, and the State Defendants did not file a reply memorandum.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the

---

[3] *See* docket no. 1 at 4, 10-16, 19-21.

[4] *See id.* at 13-14.

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

The court is mindful that Plaintiffs are proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003) ("Because [plaintiff] proceeds pro se, we construe his pleadings liberally."). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

3

> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## **ANALYSIS**

The motion to dismiss argues that the Complaint should be dismissed as to the State Defendants for two reasons. First, because the State Defendants are entitled to sovereign immunity under the Eleventh Amendment to the U.S. Constitution. And, second, because the State Defendants are not "persons" as defined by 42 U.S.C. § 1983.

### I.  Eleventh Amendment Sovereign Immunity

The Eleventh Amendment bars actions against states and state entities in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). "Eleventh Amendment immunity . . . precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citing *Steadfast Ins. Co. v. Agric. Ins. Co.,* 507 F.3d 1250, 1252–53 (10th Cir. 2007)). The UAG's Office is an arm of the State of Utah and is thus entitled to sovereign immunity under the Eleventh Amendment. *See Johnson v. Salt Lake Cmty. Coll.*, No. 2:11-CV-00231, 2011 WL 2636840, at *2 (D. Utah June 2, 2011), *report and recommendation adopted,* No. 2:11-CV-231, 2011 WL 2652368 (D. Utah July 6, 2011) ("As governmental entities of the State of Utah, defendant Salt Lake Community College and defendant the Utah Attorney General's Office are entitled to sovereign immunity under the Eleventh Amendment."). Because ICAC is a division of the UAG's Office, it is subject to the same defenses and immunities as the UAG's Office, including Eleventh Amendment immunity.

4

Plaintiffs concede that "[t]he State of Utah does have immunity under the 11th amendment" and that "the scope of immunity afforded to government employees is governed by separate rules."[5] The majority of Plaintiffs' opposition to the motion to dismiss either reiterates the facts set forth in the Complaint, or focuses on the actions of the individual defendants sued in their official capacity. Plaintiffs do not argue State Defendants have consented to be sued, nor have they persuaded the court that any exception to Eleventh Amendment immunity applies to the State Defendants. Accordingly, the court concludes that the State Defendants are immune from suit.

## II. State Defendants Cannot be Sued Under Section 1983

Plaintiffs' Section 1983 claims against the State Defendants also fail. Section 1983 creates a civil action against "[e]very person" who subjects another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. However, states and state subdivisions are not "persons" against whom lawsuits under Section 1983 may be brought. *See Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990) (noting that *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) "establishes that the State and arms of the State . . . are not subject to suit under § 1983 in either federal or state court"). Again, Plaintiffs' arguments focus on the actions of the individual defendants, and do not address the State Defendants argument that they are not "persons" under Section 1983. In any case, no such argument could be advanced, since, as a matter of law, the State Defendants are not "persons," and no Section 1983 claims can be brought against them.

---

[5] Docket no. 17-1 at 2, 7.

## CONCLUSION AND ORDER

For the reasons set forth above, the court concludes that State Defendants are immune from suit under the Eleventh Amendment, and Plaintiffs are precluded from suing the State Defendants under Section 1983.

Accordingly, the motion to dismiss[6] is hereby GRANTED and the Plaintiffs' Complaint as against the State Defendants is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 11th day of March, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] *See* docket no. 14.